IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA ex rel.
EDWARD J. BURLBAW and ex rel.
DONALD D. BUSTAMANTE,

      Plaintiffs/Relators,

v.                                                  No. CIV 99-1443 BB/LFG

REGENTS OF THE NEW MEXICO STATE
UNIVERSITY,

      Defendant.

## MEMORANDUM OPINION AND ORDER ON COSTS AND ATTORNEYS' FEES

THIS MATTER is before the Court on: (1) Defendant's motion for an award of costs and attorneys' fees [doc. 83]; and (2) Relators' motion for court review of costs [doc. 95]. Oral argument on these motions was held on September 13, 2004. Defendant's motion for attorneys' fees will be Denied; the motion for costs will be Granted upon entry of final judgment. Relators' motion will be settled after final judgment is entered.

### *Discussion*

In December 1999, Plaintiffs' filed their complaint alleging that New Mexico State University ("NMSU") was liable under the False Claims Act ("FCA"), 31 U.S.C. § 3729

*et seq.*, because it fraudulently obtained federal contract funds through knowingly false representations that NMSU was a "minority institution." Plaintiffs also alleged false certifications as to the University's minority institution status made by NMSU's "administration," including those made by the various Directors of "NMSU's Physical Science Laboratory" ("PSL").

Originally, the Regents of NMSU were the only party Defendant. In light of the United States Supreme Court's intervening decision on *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765 (2000), the parties then agreed the Regents would be dismissed from the case if the United States chose not to intervene. The United States chose not to intervene. Plaintiffs then sought to amend. After briefing and a hearing on a motion to amend the complaint, the Court determined that discovery would be allowed prior to any decision allowing an amended complaint. Relators deposed eleven current or former employees of NMSU and submitted both interrogatories and a request for production. The discovery addressed two issues: (1) the relationship between the PSL and NMSU; and (2) the personal benefit to potential individual defendants. After the submission of supplemental briefing, the Court determined that the PSL would not become a party and that the Relators could proceed against the potential individual defendants. Those jurisdictional determinations were addressed in the Memorandum Opinion and Order of May 4, 2004. As a result of that Memorandum Opinion and Order, the Regents of NMSU seek an award of costs for

depositions in the amount of $1,440.39 and attorneys' fees in the amount of $72,472.06 plus $4,530.97 in gross receipts tax.

*Attorneys' fees*

Generally, under the American Rule, each party, including the prevailing party, is responsible for its own attorneys' fees. *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240 (1975). An exception to this rule exists when a party has pursued litigation in bad faith, vexatiously or for oppressive reasons. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991).

The Regents and the PSL argue that Relators as former employees of NMSU knew the PSL was a part of NMSU and not a separate legal entity. They rely on a dictionary definition of vexatious as merely irritating, annoying or troublesome. However, invocation of the exception to the standard federal rule that each side bears its own attorneys' fees requires more than a showing of a weak or inadequate case. *Cornwall v. Robinson*, 654 F.2d 685 (10th Cir. 1981); *United States v. Manchester Farming Partnership*, 315 F.3d 1176 (9th Cir. 2003). While NMSU understandably thought the Supreme Court's decision in *Vermont Agency* would terminate this litigation, the Court permitted Relators to explore the possibility of pursuing their claims against the individual defendants and whether a few documents such as the insurance policy in the name of the PSL truly indicated it had some separate existence from NMSU. *Kerin*

*v. United States Postal Serv.*, 218 F.3d 185 (2d Cir. 2000); *United Structures of America, Inc. v. G.R.G. Engineering S.E.*, 927 F. Supp. 556 (D.P.R. 1996).

Defendant's request for attorneys' fees will be Denied.

*Costs*

NMSU seeks the costs it incurred during discovery on the issue of whether the PSL could be a party to a *qui tam* lawsuit under the FCA. NMSU was a prevailing party on this issue by virtue of the Court's order of May 4, 2004, and is therefore entitled to costs pursuant to Federal Rule of Civil Procedure 54(d)(1). On June 18, 2004, the Acting Clerk taxed costs in the amount of $1,440.39. Relators request this Court review the taxing of costs by the Acting Clerk and determine that NMSU is not entitled to its costs or, if so, that they be reduced.

Plaintiffs initially object to the cost award on the ground there is no final judgment. *See In re Puerto Rico Elec. Power Auth.*, 687 F.2d 501 (1st Cir. 1982). At oral argument, however, they were unable to articulate how the NMSU Regents, who were dismissed by the May 4 order, or the PSL, which was never made a party, would be able to recover costs at a later time. Nor could Relators produce a "just reason for delay" as to a final judgment dismissing the NMSU Regents and denying the request to join the PSL *See* Federal Rule of Civil Procedure 54(b). Therefore, the Court will permit counsel for the Regents (and thus PSL) to submit such a judgment.

4

**Based on the history of this case, the Court will then award the Regents their reasonable costs.**

## *O R D E R*

**Based on the above discussion, Defendant's *Motion for Attorneys' Fees* is DENIED. The costs will be resolved upon submission of a final judgment as to the Regents and the PSL.**

**Dated at Albuquerque this 16th day of September, 2004.**

_____
**BRUCE D. BLACK**
**United States District Judge**