IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

EX REL. EDWARD J. BURLBAW and
EX REL. DONALD D. BUSTAMANTE,

        Plaintiffs,

v.                                                                                                                                        No. CIV 99-1443 BB/LFG

JAMES HALLIGAN, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court pursuant to a motion for summary judgment filed by dismissed Defendant New Mexico State University ("NMSU"). [Doc. 112]. Although a final judgment has been entered dismissing NMSU from this case, the Court retains jurisdiction to address the motion because no notice of appeal has yet been filed from that judgment. Furthermore, the motion is a request for attorney's fees, and district courts retain jurisdiction to decide such requests even after a notice of appeal has been filed. *Lancaster v. Independent Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998).

NMSU's motion requests attorney's fees for work performed during the period from September 17, 2002 to June 9, 2003; this Court has already denied a request for attorney's fees for work performed after June 9, 2003. [Doc. 120] The Court has reviewed NMSU's submissions and finds the work reflected by counsel's time sheets falls into one of three general categories: (1) an attempt to dismiss NMSU as a party to the case; (2) an attempt to prevent the Physical Science

Laboratory ("PSL") from being added as a separate party defendant; and (3) an attempt to prevent the individual Defendants from being added to the case.

As the Court noted in the previous memorandum opinion filed in this case, NMSU may recover attorney's fees only if Relators pursued their claims in bad faith, vexatiously, or for oppressive reasons. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). The Court has already determined in the prior opinion that Relators' attempt to add PSL as a defendant was not done vexatiously, in bad faith, or for oppressive reasons. Furthermore, as the attempt to add the individual Defendants to this case was successful, that action cannot be characterized (at least given the information currently before the Court) as in bad faith or vexatious. NMSU cannot, therefore, recover its attorney's fees for work performed to resist these efforts by Relators. Based on the evidence submitted by NMSU, the Court cannot determine precisely what tasks were performed regarding the PSL and individual-Defendants issues, and what was performed concerning NMSU's part in the lawsuit.

Even if the Court could clearly separate and decide which work by NMSU's attorneys was directed at the effort to dismiss NMSU from the case, the Court cannot find Relators acted vexatiously or in bad faith with respect to NMSU. NMSU argues that Relators stubbornly refused to dismiss NMSU as a Defendant, even after it was clear under binding Supreme Court precedent that Relators could not sue NMSU under the False Claims Act. *Vermont Agency of Nat. Resources v. United States ex rel. Stevens*, 529 U.S. 765 (2000). However, Relators clearly stated in their November 1, 2002 response to NMSU's motion to dismiss that if the United States declined to intervene in the case after an amended complaint had been filed, Relators would agree to dismiss NMSU from the case. [Doc. 25] In refusing to dismiss NMSU prior to an intervention decision by the United States, Relators were relying on a concurring opinion by Justice Ginsburg in *Stevens,* in

which Justice Ginsburg stated she did not believe *Stevens* would necessarily preclude the United States from suing a state or an arm of the state under the False Claims Act.  529 U.S. at 789.  NMSU contends Relators could not reasonably rely on Justice Ginsburg's concurrence, because nothing in the majority opinion supports such an interpretation of the case.  However, the Court cannot find Relators acted vexatiously or in bad faith by relying on the concurrence.  Since that reliance was the basis for Relators' refusal to dismiss NMSU from the case, the Court will deny NMSU's request for attorney's fees incurred in attempting to obtain such dismissal.

## ORDER

Pursuant to the foregoing memorandum opinion, it is hereby ORDERED  that NMSU's motion for summary judgment on its counterclaim [Doc. 112] be, and hereby is, DENIED.

Dated:   November 17, 2004.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE

**Attorneys:**

**For Relators**
Paul J. Rubino
Joleen K. Youngers
Maureen A. Sanders

**For Defendants**
Kenneth L. Harrigan
Alex C. Walker

**For the United States of America**
Howard R. Thomas